The Honorable Larry Goodwin State Representative P.O. Box 129 Cave City, Arkansas 72521-0129
Dear Representative Goodwin:
This opinion is being issued in response to your recent questions regarding the use of school funds. You have presented the following questions:
 (1) Can school districts receive federal funds and operate Head Start programs outside of their school districts?
 (2) Can space costs and general administrative costs be paid from school district tax revenues for activities in other districts?
 (3) Can personnel who are paid from one school district's tax revenues spend time on a project that only benefits another district?
RESPONSE
Question 1 — Can school districts receive federal funds and operate HeadStart programs outside of their school districts?
Under Article 14, § 3 of the Arkansas Constitution, school tax funds in Arkansas may not be used for any purpose or school district other than the ones for which they were levied. Article 14, § 3 provides for a school tax, and states:
 Provided, that no such tax shall be appropriated for any other purpose nor to any other district than that for which it is levied.
ARK. CONST., art. 14, § 3 (emphasis added).
Because of this prohibition, the answer to Question 1 will depend in part upon whether the operation of the Head Start program in question involves the use of state tax funds in addition to federal funds.
It should be noted that the federal Head Start Act (42 U.S.C. §§ 9831 etseq.) and the rules and regulations that have been promulgated thereunder, see 45 C.F.R. §§ 1301 et seq., make provision for a variety of types of Head Start programs, among which are some that could involve operations outside of the school district that sponsors the program. For example, the Act authorizes "mobile Head Start programs," see42 U.S.C. §§ 9832(13) and 9843(c)(8), and "home-based Head Start programs,"see 42 U.S.C. § 9832 (9) and 9843(c)(8), and makes provision for the sharing of facilities and other resources by more than one Head Start program, see 42 U.S.C. §§ 9837(d)(3)(A) and9839(c).
The particular facts attendant to the situation about which you are concerned may involve one of these types of Head Start programs. If so, the use of federal funds for the operation of the program outside of the school district may be specifically authorized by federal law and therefore permissible.
However, the use of state tax funds to operate the Head Start program, if found by a court to constitute a use for a purpose or for a school district other than those for which the tax was levied, would not be permissible under Article 14, § 3. The question of whether the operation of a Head Start program constitutes a use of school tax funds for a purpose or for a district other than those for which they were levied is a fact question that will depend upon the particular circumstances of each case.
Question 2 — Can space costs and general administrative costs be paidfrom school district tax revenues for activities in other districts?
The answer to this question will depend upon the facts of the particular situation about which you are inquiring. The guiding principle, however, will be the prohibition of Article 14, § 3, discussed in response to Question 1. If the particular facts of the situation indicate that the activity in question constitutes a use of school district tax revenues for a purpose or for a school district other than those for which they were levied, that activity may not be funded by school district tax revenues.
Question 3 — Can personnel who are paid from one school district's taxrevenues spend time on a project that only benefits another district?
As with Questions 1 and 2, the answer to this question will depend upon the specific facts of the particular case, but the case will be governed in the final analysis by the prohibition of Article 14, § 3. If, in fact, the project in question only benefits another school district, the use of school district tax revenues to pay personnel to work on that project would likely be found by a court to violate Article 14, § 3.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh